UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| **SARAH CEVALLOS**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**AMERICAN ONCOLOGY NETWORK, LLC**, a Delaware limited liability company,<br><br>Defendant. | **CIVIL ACTION**<br><br>Case No.  2:21-cv-760<br><br>Judge:<br><br>Mag. Judge: |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**NOW COMES** the Plaintiff, **SARAH CEVALLOS** ("**CEVALLOS**"), by and through undersigned counsel, and states the following for her Complaint:

**CAUSES OF ACTION**

1. This is an action brought under Title VII of the Civil Rights Act of 1964 (Title VII), the Florida Civil Rights Act (FCRA), and Equal Pay Act (EPA) for unlawful gender discrimination.

**PARTIES**

2. The Plaintiff, **SARAH CEVALLOS** ("**CEVALLOS**") is an individual and at all material times was a resident of Florida employed by the Defendant.

3. The Defendant is a Delaware limited liability company with a principal place of business located in Lee County, Florida. The Defendant

1

employed **CEVALLOS** and at all relevant times employed in excess of 15-persons. The Defendant is an employer as that term is defined by Title VII and the FCRA.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this matter under 28 U.S.C. §1331, and has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since Lee County is within the Fort Myers Division.

## GENERAL ALLEGATIONS

6. **CEVALLOS** is a female person.

7. **CEVALLOS** began her employment with the Defendant in 2008 and was employed as its Chief Revenue Cycle Officer.

8. **CEVALLOS** always performed her assigned duties in a professional manner and was very well qualified for her position.

9. **CEVALLOS** consistently received excellent annual performance reviews, received several promotions over the course of her career with the Defendant, numerous awards and served on countless important committees.

10. As a senior executive, a large part of **CEVALLOS**' compensation was in the form of an award of stock shares.

11. After seeing the Defendant's male executives receive early vesting and additional stock shares in order to recover millions of dollars, **CEVALLOS** requested the same in the summer of 2020.

12. Notwithstanding that fact that **CEVALLOS**' performance was exemplary and that she was similarly situated to male executives who were granted early vesting along with additional stock shares with a special change in status with early vesting, the Defendant arbitrarily chose to deny **CEVALLOS**' request.

13. Consequently, the Defendant has treatment **CEVALLOS** in a less favorable manner than her similarly situated male counterparts.

## COUNT I – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, GENDER DISCRIMINATION

14. Plaintiff incorporates by reference Paragraphs 1-13 of this Complaint as though fully set forth below.

15. **CEVALLOS** is a female and as such, is a member of a protected class.

16. At all material times, **CEVALLOS** was an employee and the Defendant was her employer covered by and within the meaning of Title VII of the Civil Rights Act of 1963, 42 U.S.C §2000e.

17.     **CEVALLOS** was qualified for the positions that she held with the Defendant.

18.     **CEVALLOS** has endured disparate treatment while employed with the Defendant, thereby altering the terms and conditions of her employment.

19.     The acts, failures to act, practices and policies of the Defendant set forth above constitute intentional discrimination on the basis of **CEVALLOS'** gender in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2.

20.     As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq. as referenced and cited herein, **CEVALLOS** has lost benefits and privileges of her employment and has been substantially and significantly injured in her career path.

21.     As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq. as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **CEVALLOS** is entitled to all relief necessary to make her whole as provided for under 42 USC § 2000e et seq.

22.     As a direct and proximate result of the Defendant's actions, **CEVALLOS** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

23. **CEVALLOS** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing Defendant to cease and desist from all gender discrimination against employees;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Declaratory relief declaring the acts and practices of Defendants to be in violation of the statute cited above;

vi. Reasonable attorney's fees plus costs;

vii. Compensatory damages;

viii. Punitive damages, and;

ix. Such other relief as this Court shall deem appropriate.

## COUNT II – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992, GENDER DISCRIMINATION

24. Plaintiff incorporates by reference Paragraphs 1-13 of this Complaint as though fully set forth below.

25. **CEVALLOS** is a female and as such, is a member of a protected class.

26. At all material times, **CEVALLOS** was an employee and the Defendant was her employer covered by and within the meaning of the FCRA.

27. **CEVALLOS** was qualified for the positions that she held with the Defendant.

28. **CEVALLOS** has endured disparate treatment while employed with the Defendant, thereby altering the terms and conditions of her employment.

29. The acts, failures to act, practices and policies of the Defendant set forth above constitute intentional discrimination on the basis of **CEVALLOS'** gender in violation of the FCRA.

30. As a direct and proximate result of the violations of the FCRA as referenced and cited herein, **CEVALLOS** has lost benefits and privileges of her employment and has been substantially and significantly injured in her career path.

31. As a direct and proximate result of the violations of the FCRA as referenced and cited herein, and as a direct and proximate result of the prohibited

acts perpetrated against her, **CEVALLOS** is entitled to all relief necessary to make her whole as provided for under the FCRA.

32.     As a direct and proximate result of the Defendant's actions, **CEVALLOS** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

33.     **CEVALLOS** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing Defendant to cease and desist from all gender discrimination against employees;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

 v.  Declaratory relief declaring the acts and practices of Defendants to be in violation of the statute cited above;

 vi.  Reasonable attorney's fees plus costs;

 vii.  Compensatory damages;

 viii.  Punitive damages, and;

 ix.  Such other relief as this Court shall deem appropriate.

## COUNT III - VIOLATION OF THE EQUAL PAY ACT

34. Plaintiff incorporates by reference Paragraphs 1-13 of this Complaint as though fully set forth below.

35. **CEVALLOS** has worked for the Defendant within the last three (3) years.

36. **CEVALLOS** bring this action against the Defendant for legal relief to redress the Defendant's systemic pattern and practice of equal pay violations.

37. The Defendant has deprived **CEVALLOS** of her equal rights under the Equal Pay Act.

38. **CEVALLOS** is a woman who the Defendant paid at a much lesser rate than male employees in jobs requiring substantially the same skill, effort and responsibility, which jobs are in the same working conditions.

39. Supervisory personnel of the Defendant intentionally subjected **CEVALLOS** to unequal and discriminatory pay based upon gender that altered the conditions of her employment.

40. The actions of the Defendant are intentional, willful, and malicious and/or in deliberate indifference for **CEVALLOS**' clearly established legal rights as secured by the Equal Pay Act.

41. The Defendant could not have believed that paying **CEVALLOS** at a much lesser rate than similarly situated male employees was lawful in light of the clearly established law that gender discrimination was an infringement of legal rights.

**WHEREFORE,** the Plaintiff prays that this Honorable Court enter a Judgment in her favor and against the Defendant for an amount consistent with evidence, together with liquidated damages, the costs of litigation, interest, and reasonable attorneys' fees.

## DEMAND FOR JURY TRIAL

The Plaintiff demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: October 15, 2021        **/s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Lead Counsel for Plaintiff
Yormak Employment & Disability Law
9990 Coconut Road
Bonita Springs, Florida 34135
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com